**COURT OF CHANCERY**
OF THE
**STATE OF DELAWARE**

A<small>NDRE</small> G. B<small>OUCHARD</small>
C<small>HANCELLOR</small>

New Castle County Courthouse
500 N. King Street, Suite 11400
Wilmington, Delaware 19801-3734

Date Submitted:  January 13, 2015
Date Decided:  January 16, 2015

Brian D. Long, Esquire
Rigrodsky & Long, P.A.
2 Righter Parkway, Suite 120
Wilmington, DE 19803

   RE: ***In re Zalicus, Inc. Stockholders Litigation***
      Consolidated C.A. No. 9602-CB

Dear Counsel:

I have reviewed your letter dated January 13, 2015, notifying the Court that Defendant Zalicus, Inc. ("Zalicus") has agreed to pay Plaintiffs' counsel a "mootness fee" in the amount of $400,000, and requesting that I enter an order closing this case.  For the following reasons, I decline to enter the proposed order because the parties have not given adequate notice of the stipulated mootness fee to the putative class.

Plaintiffs filed this putative class action alleging that the directors of Zalicus had breached their fiduciary duties in connection with their approval of a stock-for-stock merger with Epirus Biopharmaceuticals, Inc.  On June 13, 2014, I denied Plaintiffs' motion for expedited proceedings because I concluded that the claims presented in support of that motion were not colorable.  On July 15, 2014, the stockholders of Zalicus approved the proposed merger, which closed that day.

On November 12, 2014, I granted a stipulated order (the "Dismissal Order") in which the parties agreed that this action "is dismissed without prejudice as to all plaintiffs" and that the Court would retain jurisdiction "solely for determining plaintiffs' forthcoming Fee and Expense Application." When they filed the Dismissal Order, Plaintiffs contended that supplemental disclosures by Zalicus had mooted certain of their breach of fiduciary duty claims.

On January 13, 2015, the parties agreed in a Stipulation Regarding Attorneys' Fees and Expenses (the "Fee Stipulation") that Zalicus (or its "successor(s) or applicable insurer(s)") would pay "a combined, global fee in the amount" of $400,000 to Plaintiffs' counsel in this action and counsel for other Zalicus stockholders who commenced similar litigation in Massachusetts "in full satisfaction of plaintiffs' counsel's claim for attorney's fees and expenses." The parties now request that the Court enter another stipulated order (the proposed "Closure Order") providing that the Court no longer retain jurisdiction over this action and that this action be closed for all purposes.

Plaintiffs contend that "notice to the class should not be required" before the Court may enter the Closure Order because the "Court need not approve or take any action with respect to the Fee Stipulation." Pls.' Letter at 2, 3. Rather, according to Plaintiffs, Zalicus has exercised its business judgment to expend corporate funds to resolve Plaintiffs' anticipated application for an award of attorney's fees and expenses concerning claims that have been mooted.

Although it is true that the Court is not being asked to take any action with respect to the Fee Stipulation, I conclude that, under this Court's precedents, notice of the Fee Stipulation nevertheless should be given to the putative class of Zalicus stockholders before I may enter an order closing this case.

Chancellor Allen's opinion in *Advanced Mammography* sets forth the framework for this Court to address a joint application to dismiss claims as moot and for a mootness fee award. *See In re Advanced Mammography Sys., Inc. S'holders Litig.*, 1996 WL 633409 (Del. Ch. Oct. 30, 1996). In *Advanced Mammography*, no notice of the joint application had been given to the putative class. Chancellor Allen concluded that notice of the joint application must be given to the putative class because of "the risk of buy off" presented by the proposed fee payment. *See id.* at *1; *see also In re Cellular Commc'ns Int'l, Inc. S'holders Litig.*, 752 A.2d 1185, 1188 (Del. Ch. 2000) (citing *Advanced Mammography*, 1996 WL 633409, at *1) ("Ordinarily, notice of the decision to dismiss [claims on mootness grounds] and the terms of the [mootness] fee arrangement must be disclosed to the class and a hearing held.").

Vice Chancellor Laster recently addressed a variation of this procedure in *Astex*, where – similar to this case – the parties (i) agreed to dismiss the named plaintiffs' claims as moot with prejudice (but without prejudice to other members of the class);[1] (ii)

---

[1] As noted above, unlike *Astex*, paragraph 1 of the Dismissal Order in this case provides that the action "is dismissed without prejudice to all plaintiffs."

stipulated that the Court retain jurisdiction to hear the plaintiffs' attorneys' fees application; (iii) subsequently agreed to a stipulated mootness fee; and (iv) moved to have the Court close the case. *See In re Astex Pharm., Inc. S'holders Litig.*, 2014 WL 4180342 (Del. Ch. Aug. 25, 2014). In *Astex*, no notice of the stipulated mootness fee had been given to the class, which had been certified under Court of Chancery Rule 23. Applying the principles of *Advanced Mammography*, Vice Chancellor Laster reasoned that staggering the dismissal of claims and the agreement on fees "did not eliminate the risk" of a buy off. *See id.* at *2. Thus, he denied the request to enter the proposed closure order without first affording notice to the class of the stipulated mootness fee.

I see no compelling reason why I should depart from *Astex* here. I am not persuaded by Plaintiffs' attempt to distinguish *Astex* on the grounds that no class has been certified in this case. Plaintiffs have not explained why class certification should be dispositive of whether notice is required under *Advanced Mammography*, and, in my view, the existence of a certification order was irrelevant to the Court's ruling in *Astex*. In particular, I am hard-pressed to understand the relevance of a certification order in this context where no members of the class have released any claims and the class members' claims were dismissed without prejudice. To my mind, the rationale underlying *Astex*, which is equally applicable here, is that notice is appropriate because it provides the information necessary for an interested person to object to the use of corporate funds, such as by "challeng[ing] the fee payment as waste in a separate litigation," if the

circumstances warrant.  *See Hack v. Learning Co.*, 1996 WL 633309, at *2 (Del. Ch. Oct. 29, 1996).

For the foregoing reasons, Plaintiffs' motion to enter the proposed Closure Order is DENIED.  Should the parties elect to submit a revised order providing notice to the members of the putative class, the parties are directed to explain (i) what form the notice should take in these circumstances to be adequate while being sensitive to the cost considerations of providing notice, and (ii) what, if any, further proceedings are necessary before this action may be closed.

IT IS SO ORDERED.

Sincerely,

*/s/ Andre G. Bouchard*

Chancellor

AGB/gp
cc:    Rudolf Koch, Esquire
       David J. Teklits, Esquire
       Ryan M. Ernst, Esquire